GISKAN SOLOTAROFF & ANDERSON LLP
11 Broadway, Suite 2150
New York, New York 10004
(646) 964-9640
Jason L. Solotaroff
Aliaksandra Ramanenka
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

EUNICE CALEGARI,

                Plaintiff,                              Dkt. No.

    -against-                               **COMPLAINT**

ANDREW COGAN and LORI FINKEL,

                Defendants.

------------------------------------------------------------------------X

Plaintiff Eunice Calegari, by her attorneys Giskan Solotaroff & Anderson LLP, for her complaint against Defendants Andrew Cogan and Lori Finkel, alleges as follows:

**Nature of the Action**

1. This is an action, filed pursuant to the diversity jurisdiction of this Court, under the New York Domestic Workers Bill of Rights and the New York Labor Law, for overtime violations in connection with Plaintiff's employment with Defendants.

2. Defendants Andrew Cogan and Lori Finkel employed Ms. Calegari to care for their children beginning in 1999 and ending on October 4, 2016. Although Defendant Cogan is the Chief Executive Officer of a well known, publicly traded, upscale furniture manufacturer and

1

distributor and Defendant Finkel has worked as a senior executive at several Wall Street firms, and therefore both defendants should be familiar with the legal requirements of employers, Defendants Cogan and Finkel failed to obey the law in their employment of Ms. Calegari. Specifically, Defendants failed to pay Ms. Calegari time and a half wages for her overtime work. Defendants' violations were most egregious in the summer, when Ms. Calegari worked 14 to 16 hours a day, five days a week at Defendants' summer houses in Shelter Island.

3. Defendants also violated New York Labor Law §195 by failing to provide Plaintiff with a written notice stating the regular and overtime rates of pay.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 based on diversity of citizenship between the parties and the amount in controversy exceeding $75,000. This Court has personal jurisdiction over Defendants because Defendants employed Plaintiffs in New York and are domiciled in New York. Venue is properly before this Court pursuant to 28 U.S.C. §1391(a) as Defendants all reside in the Southern District of New York.

## THE PARTIES

5. Plaintiff is domiciled in Jersey City, New Jersey.

6. Defendant Andrew Cogan is domiciled in New York, New York. He is the Chief Executive Officer of Knoll, Inc., an upscale furniture manufacturer.

7. Defendant Lori Finkel is also domiciled in New York, New York. Ms. Finkel is a graduate of Brown University and has been employed as a senior executive at several financial firms, most recently at Credit Suisse.

## THE FACTS

8.      Ms. Calegari is a domestic child care worker with approximately 30 years of experience.  In 1999, Defendant Cogan and Finkel hired Plaintiff to take care of the one child they had at the time. Ms. Calegari worked for Defendants with some interruptions until approximately 2009 and worked continuously for Defendants from 2009 until October 2016, when Plaintiff's employment was terminated.

9.      During that time, Defendants Cogan and Finkel paid Ms. Calegari a weekly salary and did not pay time and a half wages for her work hours that exceeded 40 hours per week. During the non-summer months, Ms. Calegari would work two to three hours of overtime a week.

10.     In July and August, however, when Defendants Cogan and Finkel would require Ms. Calegari to work for them at their summer homes in Long Island, Ms. Calegari would work substantially more hours, approximately 65 hours per week, and would still not receive time and a half wages for the overtime hours.

11.     From 2009 until 2012, Ms. Calegari only worked one month of the summer. Beginning in 2013, however, Ms. Calegari worked these long hours both in July and August.

12.     In 2014 and 2015, Defendants Cogan and Finkel hired Ms. Calegari's boyfriend, Vishwanath Shetty, to work as a housekeeper.  Mr. Shetty also worked the long hours in July and August without receiving overtime compensation.

13.     In 2016, Mr. Shetty accompanied Defendants' son, Caleb, for a ride in Caleb's all terrain vehicle.  As a result of Caleb driving the vehicle at a high rate of speed, the vehicle crashed and Mr. Shetty broke his arm. Mr. Shetty then filed for workers' compensation benefits, which angered Defendants Cogan and Finkel.

14. Defendants Cogan and Finkel terminated Mr. Shetty's employment in late August of 2016 and terminated Ms. Calegari's employment by sending her a text message on October 4, 2016.

### FIRST CLAIM FOR RELIEF
(Failure To Pay Overtime in Violation of
New York Labor Law §§170 and 161)

15. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

16. Defendants violated New York Labor Law §170 and §161 by failing to pay Plaintiff one and a half times her rate of pay for all hours that exceeded 40 hours per week, or, for the times Plaintiff lived with Defendants, the hours that exceeded 44 hours per week.

### SECOND CLAIM FOR RELIEF
(Violation of New York Labor Law Notice Requirements)

17. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

18. Defendants violated the notice requirements of New York Labor Law §195 by failing to provide Plaintiff with a written notice setting forth the regular and overtime rates of pay.

### JURY DEMAND

Plaintiff demands a trial by jury of all issues as of right by a jury.

WHEREFORE, Plaintiff demands judgment:

1. Awarding Plaintiff unpaid overtime wages;

2. Awarding Plaintiff, pursuant to New York Labor Law §198(1-a), liquidated damages in the amount of 100 percent of the wages due;

3. Awarding Plaintiff punitive damages;

8. With respect to the notice violation, pursuant to New York Labor Law §198(1-b), awarding a civil penalty not exceeding $50 per day of employment

9. Awarding reasonable attorneys' fees, costs, and expenses, and,

Granting such other legal and equitable relief to the Plaintiff as the Court may deem just and equitable.

Dated: New York, New York
November 14, 2016

GISKAN SOLOTAROFF & ANDERSON LLP

*/s/ Jason L. Solotaroff*
By: Jason L. Solotaroff
Aliaksandra Ramemenka
11 Broadway, Suite 2150
New York, New York 10004
646-964-9640
ATTORNEYS FOR PLAINTIFFS